UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CAMILIA T. TERRY,

      Plaintiff,                        Case No. 3:21-cv-35

vs.

MS. LT. CRAWFORD, *et al.*,          District Judge Michael J. Newman
                                          Magistrate Judge Peter B. Silvain, Jr.

      Defendants.

---

**ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS (Doc. No. 65); AND (2) DISMISSING COUNTS IV AND V OF
PLAINTIFF'S AMENDED COMPLAINT (Doc. No. 52) WITH PREJUDICE**

---

This is a civil case in which Plaintiff seeks relief for alleged constitutional violations. *See* Doc. No. 52. This civil case is before the Court on Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6). Doc. No. 65. In response to the motion, Plaintiff filed a memorandum in opposition (Doc. No. 70), and Defendants replied (Doc. No. 71). Thus, the motion is ripe for review.

**I.**

Rule 12(b)(6), like all other Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must satisfy the basic pleading requirements set

forth in Rule 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint will not suffice if it offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  In considering whether the facial plausibility standard is met, the court must view the complaint in the light most favorable to the plaintiff, accepting as true all allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor.  *See, e.g.*, *Kaminski v. Coulter*, 865 F.3d 339, 344 (6th Cir. 2017).

Challenges to the Court's subject-matter jurisdiction under Rule 12(b)(1) come in two forms: facial and factual attacks.  *See McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012).  "'A facial attack on the subject-matter jurisdiction'—like the one Defendant makes here—'questions merely the sufficiency of the pleading.'" *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)) (cleaned up).  The Court accepts the allegations in the complaint as true against a facial attack.  *Cooper v. Rapp*, 702 F. App'x 328, 331 (6th Cir. 2017).

## II.

Defendants contend that Counts IV and V of Plaintiff's amended complaint should be dismissed for lack of subject matter jurisdiction, *i.e.*, on the basis of sovereign immunity.  Doc.

No. 65 at PageID 665–69.  Plaintiff concedes that Counts IV and V should be dismissed.  Doc. No. 70 at PageID 687; *see Humphrey v. U.S. Att'y Gen. Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived" (first citing *Resnick v. Patton*, 258 F. App'x 789, 790–91 (6th Cir. 2007); and then citing *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision))).  Accordingly, the Court **DISMISSES** Counts IV and V of her amended complaint **WITH PREJUDICE**.

As to the remaining counts, having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendant's motion, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation.  *See, e.g.*, *Wesley v. Campbell*, 779 F.3d 421, 433–34 (6th Cir. 2015).  Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature.  *Cf. Humphreys v. Bank of Am.*, 557 F. App'x 416, 422 (6th Cir. 2014); *Grose v. Caruso*, 284 F. App'x 279, 284 (6th Cir. 2008) (Gibbons, J., concurring); *Nuchols v. Berrong*, 141 F. App'x 451, 453 (6th Cir. 2005); *LRL Prop. v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1113 (6th Cir. 1995) (Jones, J., dissenting).

## III.

Accordingly, the Court: (1) **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss (Doc. No. 65); and (2) **DISMISSES** Counts IV and V of Plaintiff's amended complaint (Doc. No. 52) **WITH PREJUDICE**.  The Court anticipates reviewing both parties' arguments as to the remaining claims on summary judgment after the completion of discovery.

**IT IS SO ORDERED.**

3

Date:   August 17, 2022                              s/Michael J. Newman
                                                     Hon. Michael J. Newman
                                                     United States District Judge